NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.— November, 1880.

## MATTER OF TAINTOR

*In the matter of the estate of* EDWARD. COE TAINTOR, *deceased.*

The will of a citizen of the United States, residing in China, admitted to probate by the court of the United States consulate-general, at Shanghai, may be presumed to have been executed according to the laws of China; and on the production, to a surrogate's court here, of an exemplified copy of the record thereof, under the seal of such consulate, letters could be issued thereon, under 2 R. S., 67, § 68 (revised in Code Civ. Pro., § 2695).

APPLICATION for letters testamentary upon the will of a citizen resident in China, proved before a United States consul there.

PETER STARR, *for executor.*

THE SURROGATE.—By 3 *R. S.*, 71, § 93 (6 ed.), it is provided that a will, duly executed by a person residing out of this State, according to the laws of the State or country in which the same was made, which shall have been duly admitted to probate in said State or country, upon the production of a duly exemplified or authenticated copy of such will, under the seal of the court in which the same shall have been proved, will authorize the Surrogate having jurisdiction to issue letters testamentary or of administration with the will annexed.

By section 4083 of the Revised Statutes of the United States, the minister and consuls duly appointed to reside in China are invested with the general authority therein described, and which appertain to the office of minister and consul. By section 4085, such officers are also invested with all the judicial authority necessary to execute the provisions of the treaties with China. By section 4086, jurisdiction in civil matters is to be exercised in all cases and enforced in conformity with the laws of the United States, which are extended over all citizens of the United States in China, and others, under the terms of the treaty ; but where such laws are not adapted to the object, or are deficient in provisions necessary to furnish suitable remedies, the common law, and equity, are extended over said citizens in said China, and if neither the common law or law of equity, or

statutes of the United States, shall furnish appropriate and sufficient remedy, the minister shall, by decrees or regulations, which shall have the force of law, supply such defects and deficiencies.

Mr. Burlinghame, minister to China, on April 23d, 1864, among other regulations for the consulate courts of the United States, in China, under the head of "ordinary civil proceedings," and that of "bankruptcy, partnership, probate, etc.," did, by decree or regulation numbered 10, provide, that until the promulgation of other regulations, the consuls should continue to exercise their former lawful jurisdiction and authority, in probate of wills and administration of estates, etc., not specially provided for in previous decrees, according to such reasonable rules, not repugnant to the constitution, treaties, and laws of the United States, as they might find necessary or convenient to adopt.

By those statutes, it is apparent that the court of the United States consulate-general, at Shanghai, had authority and jurisdiction to take the probate of the will of a citizen of the United States, there residing, and the instrument thus proved, and evinced by an exemplified copy offered for the purpose of obtaining letters testamentary in this matter, may be presumed to have been duly proved to have been executed according to the laws of China, under the authority of said court; and as said court appears, by the terms of said statutes, to be one of general jurisdiction in respect to the matters covered by the treaties, I am of the opinion that full faith and credit should be given to the exemplified record, under the seal of said consulate, and that under our statute, letters testamentary thereon may issue.